UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

* * * * * * * * * * * * * * * * * *

Donald B. Alter,

           Plaintiff,

vs.                       REPORT AND RECOMMENDATION

Michael J. Astrue,
Commissioner of Social Security,

           Defendant.         Civ. No. 09-3228 (ADM/RLE)

* * * * * * * * * * * * * * * * * *

I. Introduction

This matter came before the undersigned United States Magistrate Judge pursuant to a general assignment, made in accordance with the provisions of Title 28 U.S.C. §636(b)(1)(B), upon the Plaintiff's Application for leave to proceed in forma pauperis ("IFP"). The Plaintiff appears by Edward C. Olson, Esq., and, in view of the fact that his Complaint has yet to be served, no appearance has been made by, or on behalf of, the Defendant.

The Plaintiff commenced this action by filing a civil Complaint, in which he alleges that the Defendant wrongly denied his application for Social Security disability benefits. See, Docket No. 1. The Plaintiff did not pay the $350.00 filing fee

that is required for a Federal Court action, see Title 28 U.S.C. §1914(a), but instead, he filed an Application seeking leave to proceed IFP. See, <u>Docket No. 2</u>. The Plaintiff's IFP Application is now before the Court, and must be addressed before any other action is taken in this matter. For reasons which follow, we recommend that the Plaintiff's IFP Application be denied.

## II. <u>Background</u>

The Plaintiff's IFP Application shows that he is currently unemployed, and that his only assets are two (2) motor vehicles -- both of which are encumbered by lien interests that exceed their value. However, the IFP Application also indicates that the Plaintiff is receiving monthly pension and disability benefits which, taken together, provide him with an income of more than $5,000.00 per month. See, <u>Application to Proceed in forma pauperis</u>, ¶7.

The Court recognizes that the Plaintiff is supporting several children, that he apparently has no savings or property, and that he may be currently unable to work. However, given the amount of the Plaintiff's monthly income, the Court cannot find that he is indigent for IFP purposes. The Plaintiff has not shown that his monthly income is insufficient to allow him to pay the filing fee for this action. Therefore, we

recommend that the Plaintiff's IFP application be denied. See, Title 28 U.S.C. §1915(a)(1).

III. Discussion

In considering the merits of an in forma pauperis Application, there is -- and there can be -- no "bright line" test which magically divines which claimants of modest means qualify under the Federal in forma pauperis Statute, and which do not. The countervailing considerations at issue are easy of recitation but far more demanding to resolve. In Temple v. Ellerthorpe, 586 F. Supp. 848, 850 (D. R.I. 1984), the conflicting interests found succinct expression:

> The trial court must be careful to avoid construing the statute so narrowly that a litigant is presented with a Hobson's choice between eschewing a potentially meritorious claim or foregoing life's plain necessities. * * * But, the same evenhanded care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar.

[citations omitted]; see also, In re Williamson, 786 F.2d 1336, 1338-39 (8th Cir. 1986) ("The very purpose of section 1915 'is to provide an entre, not a barrier, to the indigent seeking relief in federal court,'" but "section 1915 'was not enacted for the purpose of requiring the public to underwrite frivolous lawsuits.'"), quoting Souder v. McGuire, 516 F.2d 820, 823 (3rd Cir. 1975), and In re Smith, 600 F.2d 714, 715 (8th Cir. 1979).

The balance achieved should equally weigh the privilege of pursuing a nonfrivolous action in the Federal Court system with a practical recognition that any such action will inflict some monetary expense upon all of the parties involved. The issue, therefore, does not hinge upon the ease of payment, for no litigant views the payment of costs as anything other than an unpleasant ancillary to the prosecution of a Federal claim.

Rather, the analysis pivots -- we think necessarily -- upon the Plaintiff's ability to satisfy the initiation of costs of his Federal action without substantially depleting his financial resources. While we recognize, based upon the Plaintiff's sworn representations, that he may not be wealthy, we find that he has the wherewithal to satisfy the modest costs incident to the commencement of his claims without necessitating his forbearance of other expenditures for life's necessities, or for his basic needs. See, Freeman v. Abdullah, 925 F.2d 266, 267 (8th Cir. 1991); In re Smith, supra at 715; Ali v. Cuyler, 547 F. Supp. 129, 130 (E.D. Pa. 1982); Temple v. Ellerthorpe, supra at 850-51, and cases cited therein. Although the imposition of any cost, as a precondition to the commencement of a cause of action, may invoke some second thoughts as to the wisdom of prosecuting that action, the expenditures here are

not of such a magnitude as would dissuade the pursuit of a claim that was both firmly-held and well-intended.

Lastly, we note our awareness of varying procedures which have evolved in the granting, and in the denial, of in forma pauperis Applications by Magistrate Judges. In some jurisdictions, the denial of such Applications is routinely performed under the rubric of a Title 28 U.S.C. §636(b)(1)(A) Order, with its attendant "clearly erroneous" standard of review. However, since an unintended effect of a denial of the Application could be the abandonment of a claim, we believe that our resolution of the issue should best be expressed as a Recommendation, subject to de novo review should an appeal be taken. See, e.g., Woods v. Dahlberg, 894 F.2d 187 (6th Cir. 1990) (concluding that a denial of in forma pauperis status is the functional equivalent of an involuntary dismissal and is outside the jurisdiction of a Magistrate Judge); Tripati v. Rison, 847 F.2d 548 (9th Cir. 1988).

Due to an apparent anomaly in Local Rule 4.2(a), one additional comment is warranted.[1] The Local Rule requires that the Plaintiff's Complaint be filed pending

---

[1]Local Rule 4.2(a) provides in pertinent part:

> Where a plaintiff seeks waiver of filing fees under in forma pauperis provisions, the plaintiff shall present the complaint
> (continued...)

a determination of the propriety of his request for pauper's status. Although the Rule contemplates the striking of the Complaint if the "permission to proceed in forma pauperis is later denied," the Rule also implicitly suggests that a Magistrate Judge may deny the Application. In order to avoid the potential that the Plaintiff's Complaint should be served prior to a ruling by the District Court on the propriety of his Application, should an appeal be taken, this Court will issue its directive, which will preserve the status quo until the District Court should rule on the matter.

Lastly, in the event that the Plaintiff elects not to challenge this Recommendation, he will be afforded an opportunity to pay the normal $350.00 filing fee, see, Title 28 U.S.C. § 1914(a), and, if he chooses to do so, he will be allowed to pursue his claims as a non-IFP litigant.

NOW, THEREFORE, It is --

---

[1](...continued)
and the motion for permission to proceed in forma pauperis to the Clerk. The Clerk shall file the complaint as if the filing fee had been paid, and shall submit the in forma pauperis motion to a Magistrate Judge or Judge. If permission to proceed in forma pauperis is later denied, the complaint shall be stricken.

RECOMMENDED:

1. That the Clerk of Court shall not issue a Summons, nor deliver process to the United States Marshal for service upon the Defendant, until so directed by further Order of the Court.

2. That the Plaintiff's application for in forma pauperis status [Docket No. 2] be denied.

Dated: November 24, 2009          *s/Raymond L. Erickson*
                                  Raymond L. Erickson
                                  CHIEF U.S. MAGISTRATE JUDGE

**N O T I C E**

Pursuant to Rule 6(a), Federal Rules of Civil Procedure, D. Minn. LR1.1(f), and D. Minn. LR72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties **by no later than December 11, 2009,** a writing which specifically identifies those portions of the Report to which objections are made and the bases of those objections. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.

If the consideration of the objections requires a review of a transcript of a Hearing, then the party making the objections shall timely order and file a complete transcript of that Hearing **by no later than December 11, 2009,** unless all interested parties stipulate that the District Court is not required by Title 28 U.S.C. §636 to review the transcript in order to resolve all of the objections made.